CRICHTON, J.,
would grant and assigns reasons:
lil would grant this' application on the basis that, in my view, the plaintiff failed to show by a preponderance of the evidence that the breach of the standard of care deprived Mrs. Guidry of a chance of survival. The pulmonologist retained by the plaintiff opined that the 32 day delay caused by the breach probably did not impact Mrs. Guidry’s ultimate outcome or thé longevity of her life.[1] “[I]n a medical malpractice cáse seeking damages for the loss of a less-than-even chance of survival because of negligent treatment of a preexisting condition, the plaintiff must prove by' a preponderance of the evidence that the tort victim had a chance of survival at the time of the professional negligence and that the 'tortfeasor’s action or inaction deprived the victim of all or part of that chan’ce[.]” Smith v. State, Dep’t of Health & Hosps., 95-0038 (La.6/25/96), 676 So.2d 543, 547. Thus, the plaintiff failed to meet the evidentiary burden established by Smith, and therefore failed to raise a genuine issue of material fact to survive summary, judgment. Accordingly, I- would reverse the lower courts’ rulings.

. The quote from the pulmonologist's deposition cited by both parties is as follows:
Q: Okay. So in sum, you can say that a 32 day delay probably didn’t change her outcome and probably wouldn’t have extended her life, but there is a possibility that it could have?
A: I think that’s correct.